UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06584-SP | Date | November 6, 2026 |
| Title | Eva Marquez Clemente v. Warden of Adelanto ICE Processing Center, et al. | | |

| | |
|---|---|
| Present: The Honorable | Sheri Pym, United States Magistrate Judge |

| | | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| n/a | n/a |

**Proceedings:** **(In Chambers) Order Denying in Large Part Petitioner's Motion for a Temporary Restraining Order, but Prohibiting Petitioner's Removal from the District During Pendency of the Case [2]**

The court has reviewed petitioner's Motion for a Temporary Restraining Order (docket no. 2), which was filed in conjunction with petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 5, 2026. With both the Petition and TRO Motion, petitioner seeks immediate release from immigration detention, as well as other relief.

Among the relief requested in petitioner's TRO Motion is an order enjoining respondents from transferring petitioner outside the jurisdiction of this court. *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."). The court finds that petitioner's transfer would frustrate her ability to continue to litigate his Petition because her counsel and apparently also her family are located in this district. It is therefore reasonable to prevent petitioner's transfer outside this district during the relatively short period it will take to resolve this Petition.

As for the other relief the TRO Motion requests be immediately granted, the court notes that, in accordance with General Order 26-05, what is effectively an expedited briefing schedule has already been set on the Petition here. *See* docket no. 5. As explained in General Order 26-05:

> The standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-06584-SP | Date | November 6, 2026 |
|---|---|---|---|
| Title | Eva Marquez Clemente v. Warden of Adelanto ICE Processing Center, et al. | | |

> applications for a temporary restraining order. Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule.

*Id.* at 5 § 3. Thus, to obtain the ex parte relief of a TRO that petitioner seeks here, petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To do this, "the evidence must show that the moving party's cause will be irreparably prejudiced if the motion is heard according to regular noticed motion procedures." *Id.* And under General Order 26-05, the regular noticed motion procedures in a habeas case such as this provide for full briefing of the Petition within about 10 days if petitioner is represented, or within about 21 days if petitioner is unrepresented.

Here, petitioner has applied for a TRO because she is suffering ongoing separation from her family while she is detained. Although the court appreciates petitioner's desire for immediate relief under these circumstances, it finds petitioner has not shown she faces imminent, irreparable harm if her Petition is decided by the expedited briefing schedule set in accordance with General Order 26-05. In addition, the primary relief petitioner seeks in the TRO Motion – release from custody – goes to the core merits question in the Petition, namely, the lawfulness of petitioner's present confinement. That question is best resolved through the expedited merits review established by General Order 26-05, rather than on an application for a TRO or preliminary injunctive relief. *See Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("In general, that kind of judgment on the merits in the guise of preliminary relief is a highly inappropriate result.").

Accordingly, the court now ORDERS as follows:

1. Respondents shall not remove petitioner from the Central District of California during the pendency of this case, or unless otherwise ordered by the court. Respondents are further ordered to disseminate this order to the immigration officers assigned to petitioner's immigration case and to place a copy of this order in petitioner's A-file.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06584-SP | Date | November 6, 2026 |
| Title | Eva Marquez Clemente v. Warden of Adelanto ICE Processing Center, et al. | | |

2. The other relief requested in petitioner's Motion for a Temporary Restraining Order (docket no. 2) is DENIED WITHOUT PREJUDICE. The court will address petitioner's remaining claims for relief after the completion of briefing on the Petition.